IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REGINO GUADALUPE, ANSELMO
MENDOZA GUADALUPE, REMIGIO
VEGA SALAZAR and NICOLAS VEGA
VIVAR,

    Plaintiffs,

    vs.

IVAN CAM and HIPOLITO
LOPEZ,
    Defendants.

Civil No. 05-173-AA

O R D E R

AIKEN, Judge:

    Plaintiffs' motion for default judgment against defendant Hipolito Lopez (doc. 24) is granted. Pursuant to Fed. R. Civ. P. 55(b), the court finds that entry of a default judgment against defendant Lopez is warranted and supported by law and the facts of this case. See Declaration of Mark J. Wilk in Support of Plaintiffs' Motion for Default Judgment; Plaintiffs' Complaint, attached as Ex. B to the Declaration, and Exs. C-M attached to the Complaint.

    Further, plaintiffs' motion for attorney fees (doc. 26) is granted in the amount of $5,625.00, and costs are awarded in the amount of $176.50. Pursuant to 29 U.S.C. § 216(b), the court must, "in addition to any judgment awarded to the plaintiff or

1 - ORDER

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." An award of attorney fees to prevailing plaintiffs is mandatory under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 216(b). While plaintiffs' claims under the Migrant and Seasonal Agricultural Workers Protection Act provide no basis for the recovery of attorney fees, the record supports that work on those claims was necessary for recovery under the FLSA, the Oregon minimum wage and wage payment statutes, ORS 652.200(2), ORS 653.055(4), and the Oregon Contractor Registration Act, ORS 658.453(4). Plaintiffs have prevailed on all of their state law claims for relief, each of which allows for the recovery of attorney fees.

The amount of attorney's fees requested is a reasonable sum calculated by the number of hours spent on the case by plaintiffs' counsel, multiplied by an appropriate hourly rate (the "lodestar" amount). There is a strong presumption that the lodestar amount represents a reasonable fee. Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). See also, Kerr v. Screen Actors Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

Plaintiffs seek fees at $225 per hour for a total of 25 hours of work. I find that both the hourly rate and the number of hours requested are reasonable under the circumstances of this case. See Declaration of Mark J. Wilk in Support of Attorney Fees. Plaintiffs' request for attorney fees and costs is granted.

## CONCLUSION

Plaintiffs' motion for entry of default judgment (doc. 24) is granted. Further, plaintiffs' motion for attorney fees and

2 - ORDER

1  costs (doc. 26) is granted as follows:  plaintiffs' are awarded
2  attorney fees in the amount of $5,625.00, and costs in the amount
3  of $176.50.
4  IT IS SO ORDERED.
5      Dated this  15   day of December 2005.

                                    /s/ Ann Aiken
                                    Ann Aiken
                                    United States District Judge

3 - ORDER